August FULLER et al.

v.

HIGHWAY TRUCK DRIVERS AND HELPERS LOCAL 107, an unincorporated association, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America

and

Hemingway Transport, Inc.

and

Novick Transfer Co., Inc.

Civ. A. No. 35122.

United States District Court
E. D. Pennsylvania.
March 18, 1964.

Edward B. Bergman, Philadelphia, Pa., for plaintiffs.

Richard H. Markowitz, Philadelphia, Pa., for Hemingway Transport, Inc., and Novick Transfer Co., Inc.

David S. Reisman, Philadelphia, Pa., amicus curiae.

KRAFT, District Judge.

Before us now is plaintiffs' motion for preliminary injunction. The plaintiffs, all of whom were and are members of Highway Truck Drivers and Helpers Local 107 (hereafter Local 107) had been employed as truck drivers by the defendant, Novick Transfer Co., Inc. (hereafter Novick), an interstate carrier, at its Philadelphia terminal. Novick merged with Hemingway Transport, Inc. (hereafter Hemingway), which remanded as the surviving carrier. Hemingway and Novick, as employers, and Local 107, as exclusive bargaining agent for its members, including all Philadelphia terminal employees of Hemingway and Novick, were parties to a multi-employer,

multi-union collective bargaining contract, which was in effect at the time of the merger.

Upon the merger, the plaintiffs became employees of Hemingway at its Philadelphia terminal and immediately the inevitable problem was presented, whether, for seniority purposes, they should be dovetailed with the original Hemingway drivers or be placed below the original Hemingway drivers on the seniority list.

A grievance was initially filed by the original Hemingway drivers, who asked for a determination of their seniority status following the merger. Apparently the grievance was not submitted to the Joint Local Committee, possibly because the dispute was not one between employer and employees but was essentially between two groups of employees represented by the same union. The grievance was processed, however, to a hearing before the Joint Area Committee, comprised of three union and three employer representatives, none of whom were officers, employees or members of any of the present defendants. After a hearing at which both employee groups were heard, this Committee, on January 20, 1964, resolved the grievance by placing the former Novick drivers at the foot of the Hemingway seniority list. This decision was implemented before the present action was begun.

The plaintiffs contend this decision was impermissible. They insist that the contract expressly provides for dovetailing of seniority in cases of merger like the present and assert that the failure to dovetail them is a breach of contract by the employer in which Local 107 has acquiesced in breach of its obligation to represent them fairly and impartially.

Article 5, Section 1 of the contract provides:

"Section 1.—Seniority rights for employees shall prevail. Seniority shall be broken only by discharge, voluntary quit, or more than a two (2) year layoff. Any employee on the seniority list who is absent because of illness or injury shall ac-cumulate seniority for the purpose of determining his place on the seniority list. * * * A list of employees arranged in the order of their seniority shall be posted in conspicuous place at their place of employment and a copy to the Union. There may be (at the Union's discretion) one road driver steward and one city driver steward and, in addition, one dock steward per shift in each terminal or operation. Such stewards shall be granted super-seniority for all purposes, including layoff, rehire, bidding and job preference. Any controversy over the seniority standing of any employee on the seniority list shall be submitted to the Joint Grievance Procedure. (Article 7)."

Article 5, Section 4 of the contract provides:

"Section 4.—(a) The uniform rules as to application of seniority in the case of mergers, purchases, acquisitions and sales, etc. shall be those adopted by the Central States Joint Area Committee."

The seniority rules adopted by the Central States Joint Area Committee, in relevant part, provide:

"APPLICATION OF SENIORITY RULES IN CASES OF MERGERS, ACQUISITIONS, SALES, ETC. UNDER CENTRAL STATES ROAD AND CARTAGE AGREEMENTS

"*Merger, purchases, acquisition, sale, etc.*

"1. If both carriers involved are solvent then the seniority lists of the two companies should be dovetailed so as to create a Master Seniority List based upon total years of service with either Company. This is known as dovetailing in accordance with years of seniority. * * *

"8. The parties acknowledge that specific situations may arise which may not be covered by the above rules, or in which the parties may feel that different treatment of the

problem is necessary. In such situation, as provided in Article 5, Section 1, the Employer, the Union involved, and the Central States Drivers Council may mutually agree to such disposition of the seniority problems, as in their judgment is appropriate under the circumstances. The Change of Operations Committee shall have the authority to add to or to modify these rules in specific situations presented to it."

At the time of the hearing before us on the motion for preliminary injunction, the time within which the defendants were obliged to plead, answer or otherwise move had not yet expired and no answer or other motion of any defendant had yet been filed. However, defendants, by their counsel, challenged the suit as one not cognizable under Section 301 of the National Labor Relations Act, 29 U.S.C. § 185. Defendants asserted further that the decision of the Joint Area Committee is final and binding and that the Court is powerless to review its merits; that recourse to the National Labor Relations Board is plaintiffs' only remedy for alleged unfairness in representation by Local 107; that employer defendants are not charged with having knowingly participated in any alleged unfair representation by the union and no cause of action is stated against the employer defendant; that this Court, in any event, is precluded by the provisions of the Norris-LaGuardia Act from the entry of the injunction here sought. On the merits, defendants contend that the decision of the Joint Area Committee was both proper and permissible either as the determination of a submitted grievance or under Section 8 of the Central States Rules, supra; that the determination was both fair and proper in view of the fact that Hemingway had earlier merged with Brooks Transportation Company (hereafter Brooks) and that, following

that merger, the original Hemingway drivers retained seniority over the former Brooks drivers. Defendants argue that to dovetail the former Novick drivers would have been an irrational and unfair resolution of the controversy because it would have adopted a practice different from that which was followed in the earlier Hemingway-Brooks merger and would have been inequitable both to the original Hemingway drivers and to the former Brooks drivers who became Hemingway employees as a result of the earlier merger.

In view of our ultimate decision on this application, we expressly reserve, for the purposes of the pending motion, the questions whether this Court has jurisdiction [1] of this action for injunction and for damages under § 301, supra, and whether it is barred from entering an injunction [2] by any provisions of any applicable statute. We conclude, however, that the motion for preliminary injunction should, nonetheless, be denied for the reasons hereafter stated.

■■ Ordinarily, the object of a preliminary injunction is either to preserve an existing status during pendency of the litigation or to restore, during such pendency, a status which has been disturbed by the conduct complained of. The present motion would do neither. To the contrary, it would reverse the implementation of the decision of the Joint Area Committee and so, during the pendency of this action, change the existing status by ousting the present seniority of the original Hemingway drivers to whatever extent the dovetailing would produce. Such a reversal of the existing status does not appear appropriate to us until warranted, after final hearing, by a determination, favorable to plaintiffs, of the manifold problems involved in this controversy.

■ A motion for preliminary injunction requires, too, a consideration of the

1. Humphrey, et al. v. Moore, et al., 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370.

2. Textile Workers, etc. v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972; Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440.

balancing of the interests of the parties affected. Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, 3 Cir., 268 F.2d 569. Here, the real parties in interest are the two groups of drivers contesting for seniority. The eighteen plaintiffs, if dovetailed by a preliminary injunction, would supplant a minimum of eighteen of the seventy-one or more original Hemingway drivers and the consequent "bumping" caused by their displacement would undoubtedly effect a change in the seniority status of a number far higher than eighteen. Balancing the interests of the competing groups of drivers and considering, among other things, the number in each affected group, it does not appear to us that the balancing of interests indicates either the necessity or desirability of entry of the preliminary injunction here sought.

There is no evidence to indicate that any of the former Novick drivers have yet suffered either loss of employment or loss of time from employment. To the extent that the evidence is revealing it discloses that the only drivers concerning whom evidence was offered were still regularly employed, and for periods in excess of the normal forty hours weekly. True, some complain that their present seniority status obliges them to arise earlier in the morning because of less desirable trip assignments, etc. but, for the purposes of a motion for preliminary injunction, we do not deem this to be a showing of, or a threat of, immediate and irreparable injury. No allegation is made that any defendant is financially irresponsible, and any injury suffered by plaintiffs, should they prevail upon final hearing, does not appear irreparable. The inconvenience entailed by earlier rising and less desirable trip assignments, which plaintiffs stress, has never been regarded as a type of damage immeasurable in dollars. Courts daily award damages for pain, suffering and far more serious inconveniences.

Accordingly, in our view, a decision on the plaintiffs' claim for injunctive relief should abide a final hearing, when all evidence has been produced and all legal positions adequately explored and presented.

## ORDER

Now, March 18, 1964, plaintiffs' motion for preliminary injunction is denied.