CAPITAL SERVICE, INC. ET AL. *v.* NATIONAL
LABOR RELATIONS BOARD.

No. 398.   Argued April 6, 1954.—Decided May 17, 1954.

*Carl M. Gould* argued the cause and filed a brief for
petitioners.

*Philip Elman* argued the cause for respondent.   With
him on the brief were *Solicitor General Sobeloff, George J.
Bott, David P. Findling, Dominick L. Manoli* and *Norton
J. Come.*

MR. JUSTICE DOUGLAS delivered the opinion of the
Court.

Petitioner manufactures and distributes bakery prod-
ucts in California.   A union sought unsuccessfully to

organize its employees. Thereupon, the union sought to enlist the aid of purchasers and consumers of petitioner's products. Agents of the union requested retail stores not to handle petitioner's products and stated that if they continued to do so, a picket line would be set up. Some stores acquiesced; others did not. The union placed pickets at the entrances of the latter stores, with the result that many deliveries were interrupted and some employees of other employers refused to cross the picket lines.

Petitioner made two counter moves. First, it filed suit for an injunction against the union in the California courts. A few days later, it filed a charge of an unfair labor practice against the union with respondent. Each had as a basis the same conduct of the union.

On April 7, 1952, the California court issued a preliminary injunction against the union, banning all picketing of retail stores. On May 14, 1952, the Regional Director of respondent concluded, after investigation, that insofar as the conduct of the union involved merely an appeal to customers and to the public in general, it was lawful under the National Labor Relations Act, as amended, 49 Stat. 449, 61 Stat. 136, 29 U. S. C. § 151 *et seq.;* but that it was unlawful, insofar as it induced or encouraged employees of employers other than petitioner to refuse to perform services at the picketed places. The Regional Director, acting on behalf of the General Counsel, issued an unfair labor practice complaint against the union on that limited basis. On the same day, he petitioned the Federal District Court for an injunction restraining such conduct of the union, pending final adjudication by the Board, as required by § 10 (l) of the Act.[1]

---

[1] Section 10 (l) reads as follows:

"Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4)(A), (B), or (C)

Simultaneously with the filing of the § 10 (1) petition against the union, the Board filed suit in the same District Court, asking that petitioner be enjoined from enforcing the state court injunction. The District Court concluded that the conduct of the union, in the respects stated, was

of section 8 (b), the preliminary investigation of such charge shall be made forthwith and given priority over all other cases except cases of like character in the office where it is filed or to which it is referred. If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any district court of the United States (including the District Court of the United States for the District of Columbia) within any district where the unfair labor practice in question has occurred, is alleged to have occurred, or wherein such person resides or transacts business, for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter. Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper, notwithstanding any other provision of law: *Provided further,* That no temporary restraining order shall be issued without notice unless a petition alleges that substantial and irreparable injury to the charging party will be unavoidable and such temporary restraining order shall be effective for no longer than five days and will become void at the expiration of such period. Upon filing of any such petition the courts shall cause notice thereof to be served upon any person involved in the charge and such person, including the charging party, shall be given an opportunity to appear by counsel and present any relevant testimony: *Provided further,* That for the purposes of this subsection district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in promoting or protecting the interests of employee members. The service of legal process upon such officer or agent shall constitute service upon the labor organization and make such organization a party to the suit. In situations where such relief is appropriate the procedure specified herein shall apply to charges with respect to section 8 (b) (4) (D)." 61 Stat. 149, 29 U. S. C. § 160 (l).

subject to the exclusive jurisdiction of the Board and that the action of the state court invaded the exclusive jurisdiction of the Board and the District Court. It accordingly granted the relief prayed for. The Court of Appeals affirmed. 204 F. 2d 848. The case is here on a petition for a writ of certiorari limited to the following question:

> "In view of the fact that exclusive jurisdiction over the subject matter was in the National Labor Relations Board (*Garner* v. *Teamsters Union,* 346 U. S. 485), could the Federal District Court, on application of the Board, enjoin Petitioners from enforcing an injunction already obtained from the State Court?" 346 U. S. 936.

I. The District Court had jurisdiction of the subject matter, because this is a "civil action or proceeding" arising under an Act of Congress "regulating commerce." 28 U. S. C. § 1337. The National Labor Relations Act is a law "regulating commerce" (*Labor Board* v. *Jones & Laughlin Steel Corp.,* 301 U. S. 1); and here, as in *American Federation of Labor* v. *Watson,* 327 U. S. 582, 591, the rights asserted arise under that law.

II. In absence of a command of the Congress to the contrary, the power of the District Court to issue the injunction is clear. Federal courts seek to avoid needless conflict with state agencies and withhold relief by way of injunction where state remedies are available and adequate. See *Alabama Commission* v. *Southern R. Co.,* 341 U. S. 341. But where Congress, acting within its constitutional authority, has vested a federal agency with exclusive jurisdiction over a subject matter and the intrusion of a state would result in conflict of functions, the federal court may enjoin the state proceeding in order to preserve the federal right. See *Public Utilities*

*Commission* v. *Gas Co.,* 317 U. S. 456, 468–470; *Bowles* v. *Willingham,* 321 U. S. 503, 510–511. Cf. *American Federation of Labor* v. *Watson, supra,* at 593–595. Congress, however, has provided that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U. S. C. § 2283.

We do not stop to consider the many questions which have been propounded under this newly worded provision of the Code.[2] One alone suffices for this case. For we conclude that the injunction issued by the District Court was "necessary in aid of its jurisdiction" and thus permitted under the exceptions specifically allowed by Congress.

The state court injunction restrains conduct which the District Court was asked to enjoin in the § 10 (1) proceeding brought in the District Court by the Board's Regional Director against the union. In order to make the § 10 (1) power effective the Board must have authority to take all steps necessary to preserve its case. If the state court decree were to stand, the Federal District Court would be limited in the action it might take. If the Federal District Court were to have unfettered power to decide for or against the union, and to write such decree

---

[2] Section 2283 took the place of former § 265 of the Judicial Code which provided:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

In view of our ruling, we find it unnecessary to consider whether, apart from the specific exceptions contained in § 2283, the District Court was justified in enjoining this intrusion on an exclusive federal jurisdiction. Cf. *Bowles* v. *Willingham,* 321 U. S. 503, 510–511.

as it deemed necessary in order to effectuate the policies of the Act, it must be freed of all restraints from the other tribunal.  To exercise its jurisdiction freely and fully it must first remove the state decree.  When it did so, it acted "where necessary in aid of its jurisdiction."

*Affirmed.*

MR. JUSTICE BLACK dissents.

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.