**Charles T. DOUDS, Regional Director of the Second Region of the National Labor Relations Board, etc., Petitioner,**

v.

**LOCAL 50, BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION, A.F.L., Respondent.**

United States District Court,
S. D. New York.

Jan. 5, 1955.

Joseph I. Nachman, Washington, D. C., and Samuel M. Kaynard, New York City, for petitioner.

Cooper, Ostrin & DeVarco, New York City, for respondent. George Nicolau, New York City, of counsel.

Robert J. McKeever, Port Chester, for Arnold Bakers Employees Ass'n.

DAWSON, District Judge.

This is a motion, brought on by order to show cause, for a preliminary injunction to restrain respondent, its agents, servants, and employees from picketing at the plant of Arnold Bakers, Inc. A hearing was held at which testimony was taken.

The testimony shows, without dispute, the following facts:

(a) That for some years the Arnold Bakers Employees Association Independent has been the certified collective bargaining representative of the employees of Arnold Bakers, Inc. of all categories except clerical employees, professional employees, guards, and supervisors.

(b) That on or about August 12, 1954, respondent, Local 50 of the Bakery and Confectionery Workers International Union of America (A.F. of L.) began picketing the premises of Arnold Bakers, Inc. The pickets carried signs indicating that this union wished the employees of Arnold Bakers, Inc. to join this A. F. of L. union.

(c) On or about November 4, 1954, an election was held by the National Labor Relations Board to determine the collective bargaining representatives of the employees of Arnold Bakers, Inc. Respondent union admitted that at the time none of the employees were members of its union and did not ask to have its name placed upon the ballot for this election. An election was held and thereafter, on or about November 15, 1954, the National Labor Relations Board certified Arnold Bakers Employees Association Independent as the collective bargaining representative of these employees of Arnold Bakers, Inc.

(d) Thereafter, on or about November 16, 1954 and continuing to the present time, respondent has maintained two pickets outside the premises of Arnold Bakers, Inc. carrying signs which read:

"Please Do Not Buy
Arnold's Products

Arnold's Employees
Have Refused to Join
Local 50
of the
Bakery and Confectionery Workers
International Union
Affiliated With The
American Federation of Labor"

"The working conditions at Arnold's
are below "Local 50" standards in
other baking companies"

(e) That since this picketing has been in existence, there has been no strike or slowdown of the employees of Arnold Bakers, Inc. nor has there been a refusal by anybody, whether shippers, users, or customers, to use or transport the goods of Arnold Bakers, Inc.; and the picketing has had no effect so far on the business of Arnold Bakers, Inc.

Petitioner urges that the picketing is a violation of Section 8(b) (4) (C) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 158(b) (4) (C). This provision of the Act makes it an unfair labor practice for a labor organization or its agents—

"to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is: * *. *

(C) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representative of such employees under the provisions of section 9."

This Section of the Act also has in it the following provision:

"(c) The expressing of any views, argument, or opinion, or the dissemination thereof, whether in written, printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice under any of the provisions of this Act, if such expression contains no threat of reprisal or force or promise of benefit."

It is the contention of petitioner that the only objective of the pickets outside the plant of Arnold Bakers, Inc. is to induce the employees either of Arnold Bakers, Inc. or of other employers, to engage in a concerted refusal in the course of their employment to use, manufacture, transport, or otherwise handle the bread of Arnold Bakers, Inc. with the object of forcing Arnold Bakers, Inc. to recognize Local 50 as the bargaining representative of its employees. It is the contention of respondent that the purpose of this picketing is to advise the public that Arnold Bakers, Inc. is not organized by respondent union, in the hope that consumers would buy bread produced by bakeries which are under contract with this union. That the ultimate objective of the picketing is to bring about a situation where Local 50 will be recognized as the bargaining representative of the employees of Arnold Bakers, Inc. can hardly be disputed.

■ However, this objective alone is not sufficient to justify the issuance of an injunction. To constitute an unfair labor practice on the part of the union, of the type which this Court can enjoin on the present petition, it must be shown not alone that this is the objective, but also that the activities of respondent are such as "to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use * * * transport, or otherwise handle" the goods produced by Arnold Bakers, Inc.

There has been no evidence that the picketing of the plant of Arnold Bakers, Inc., or any other activities of respondent, actually produced such result. There has been no evidence that the pickets have induced or encouraged any strike or work stoppage by the employees of Arnold Bakers, Inc. Nor has there been any evidence that these pickets have induced or encouraged the employees of other employers to refuse to use, transport, or handle any of the bread produced by Arnold Bakers, Inc.

In those cases where an injunction against picketing has been sustained under this provision of the Statute, there has been activity other than the mere presence of pickets from which the Court could reasonably conclude that an attempt had been made to induce the employees of the employer to strike or to induce the employees of another employer to engage in a "concerted refusal" to use, manufacture, transport, or handle work upon the products of the first employer. International Brotherhood of Electrical Workers, Local 501, A.F. of L. v. National Labor Relations Board, 1951, 341 U.S. 694, 71 S.Ct. 954, 95 L. Ed. 1299; National Labor Relations Board v. Denver Building & Construction Trades Council, 1951, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; Local 74, United Brotherhood of Carpenters &

Joiners of America, A.F. of L. v. National Labor Relations Board, 1951, 341 U.S. 707, 71 S.Ct. 966, 95 L.Ed. 1309.

However, in a case where pickets carried a sign indicating that a job was unfair to the union, but the picketing and the other activities of the union did not show an encouragement of "concerted conduct" by the employees of a neutral employer to refuse to handle the goods of the first employer, the Supreme Court held that the mere act of picketing and the isolated results springing therefrom did not violate the "secondary boycott" provisions of section 8(b) (4) of the Labor Management Relations Act of 1947. National Labor Relations Board v. International Rice Mill Co., Inc., 1951, 341 U.S. 665, 71 S. Ct. 961, 95 L.Ed. 1284.

The testimony in the instant case fails to support the contention that the mere presence of pickets outside the plant of Arnold Bakers, Inc. is an act designed to "induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services".

Apparently the only effect of the pickets on Arnold Bakers, Inc. is to cause it some justifiable irritation since it could not legally recognize respondent as the bargaining representative of its employees. However, such conduct, even though irritating, is not illegal. Apparently the only result of the picketing so far as respondent union is concerned is to give two of its members an opportunity for fresh air and exercise. This also is not illegal.

The Court recognizes that placing two pickets outside the plant, on a back street which is little traveled by the public and where consumers do not come to buy bread, can hardly be considered as a bona fide attempt to acquaint consumers with the facts as to the union affiliations of the employees of Arnold Bakers, Inc. It may be that the respondent has some other objective in placing the pickets there, but, if so, there has been no evidence clearly to establish any purpose which would be violative of the Act. It has been testified that the drivers of the trucks which transport the bread from Arnold Bakers, Inc. are members of a union affiliated with respondent, but there has been no evidence that the pickets have either attempted to secure a concerted refusal on the part of such drivers to transport the bread, or that the presence of the pickets has resulted in any such concerted refusal. If any such concerted refusal of the drivers or of employees of any other employer should result from the picketing or from other activities of the respondent, prompt application can be made for a preliminary injunction under this provision of the Statute and for the other remedies provided under the Statute.

It is significant that the preliminary injunction in this case is sought solely on the ground that respondent has engaged in, and is engaging in, conduct in violation of Section 8(b) or (c) of the Act. Whether the presence of the pickets would be a violation of the provisions of Section 8(b) (1) of the Act has not been raised in the present petition. Cf. Capital Service, Inc., v. National Labor Relations Board, 9 Cir., 1953, 204 F.2d 848, affirmed 1954, 347 U.S. 501, 74 S.Ct. 699.

The issuance of a preliminary injunction is a drastic step which should not lightly be undertaken, and in the absence of some clear proof that the respondent has sought to induce or encourage the employees of Arnold Bakers, Inc. to strike or to induce or encourage the employees of any other employer to engage in a "secondary boycott" in handling, transporting, or using the product of Arnold Bakers, Inc., the preliminary injunction must be denied.

The findings of fact and conclusions of law, and an order denying the injunction, are filed with this opinion.