304 F.2d 731
 FEDERAL TRADE COMMISSION, Petitioner-Appellee,
v.
ST. REGIS PAPER COMPANY, Intervenor-Appellant, Horace G.
Barden, partner, Ernst & Ernst, Respondent, and
American Can Company, Intervenor.
 No. 13596.
 United States Court of Appeals Seventh Circuit.
 June 26, 1962.
 
 Alan R. Johnston, Philip W. Tone, Robert L. Bombaugh, Clarold L. Britton, Chicago, Ill., Thompson, Raymond, Mayer & Jenner, Chicago, Ill., of counsel, for appellant.
 J. B. Truly, Asst. Gen. Counsel, E. K. Elkins, Attorney, Federal Trade Commission, James McI. Henderson, General Counsel, Washington, D.C., for appellee.
 Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 This is a proceeding to enforce compliance with a subpoena duces tecum issued by the Federal Trade Commission against respondent Barden as partner of Ernst & Ernst, an Illinois public accountant firm. St. Regis Paper Company, a corporation, and American Can Company were permitted to intervene. The District Court ordered enforcement of the subpoena, stayed a temporary injunction issued by an Illinois State Court in a suit by St. Regis against Ernst & Ernst, and restrained St. Regis from prosecuting that suit or from taking advantage of the temporary injunction. St. Regis has appealed.[1]
 
 
 2
 St. Regis and most other producers of waxed paper were in 1961 members of the Waxed Paper Institute, a trade association which published reports of aggregate industry sales, prices, and product statistics for the benefit of its members. The Institute employed Ernst & Ernst to prepare the statistical reports. The Commission was investigating St. Regis with respect to a violation of the Clayton Act, 15 U.S.C.A. 12 et seq., when on April 27, 1961 St. Regis obtained the temporary injunction in the Illinois Court restraining Ernst & Ernst from carrying out its 'threat' to supply the documents subsequently sought by the subpoena at bar. On May 29, 1961 theCommission served Barden 29, 1961 the Commission served Barden June 2, 1961 Barden appeared before the Commission but refused to produce the documents subpoenaed because of fear of the temporary injunction. June 20 this proceeding was begun.
 
 
 3
 The Commission has moved in this court for dismissal of the appeal on jurisdictional grounds, under our Rule 15(f), 28 U.S.C.A.[2]
 
 
 4
 St. Regis' appeal is based upon its claim of the accountant-client privilege given by Illinois law. In support of its motion to dismiss, the Commission argues that on two occasions St. Regis has given the information sought by the Commission without asserting the privilege, and consequently has waived the privilege, has no right to assert it and therefore has no legally cognizable interest and cannot be aggrieved by the order subject of appeal.
 
 
 5
 In previous instances in New York City and Washington, D.C. during this continuing investigation, in compliance with court and F.T.C. orders, St. Regis subsidiaries produced, respectively, copies of 'reports' submitted to or received from the Institute and Ernst & Ernst and 'schedules,' 'summaries or reports' and 'correspondence * * * clarifying or amending any of the schedules or reports.' The Commission bases its claim of waiver on those facts.
 
 
 6
 The subpoena at bar calls for production of 'such books, records and documents as will disclose all correspondence, telegrams, memoranda, statistics, work papers, bulletins, census and reports * * *.'
 
 
 7
 We are not prepared to decide, on the showing made, that there has been a waiver. Assuming that St. Regis could have raised the question of privilege in New York City or Washington, D.C., conceivably it could not have had the same reason for objecting to disclosure of mere summaries or reports, called for in those proceedings, as it has to disclosing the specific material called for in the current subpoena. We are not advised by the Commission specifically what information called for previously and now is the same, and if the same, why it is called for again
 
 
 8
 We cannot say either that St. Regis may not be harmed by disclosure by Ernst & Ernst of confidential matters relating only to business of all members of the Institute other than St. Regis. St. Regis raises a doubt, in its favor, by arguing that if the information supplied by all members, except St. Regis, were furnished to the Commission, its figures could be readily ascertained by simple subtraction. $yWe think, on what is before us, that the motion should be denied because in our opinion the issue are neither abstract nor moot but directly pertain to business information St. Regis insists upon not disclosing; that it might be aggrieved by disclosure; and that St. Regis has standing to appeal.
 
 
 9
 St. Regis contends that the District Court violated 2283[3] of the Judicial Code by its stay of the Illinois Court injunction and its restraint upon the interest of St. Regis in that suit.
 
 
 10
 We see no merit in this contention.
 
 
 11
 Section 2283 prohibits 'a court of the United States' from staying State Court proceedings 'except as expressly authorized by * * * Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' St. Regis argues that the stay order at bar does not come within this authority.
 
 
 12
 We think the District Court had the power to stay the Illinois Court proceedings 'in aid of its jurisdiction, or to protect or effectuate its judgments.' The Commission, not the State, had jurisdiction to investigate St. Regis, for the purpose stated, and, in exercise of that power, to issue its subpoena against Barden.[4] St. Regis knew it was being investigated when it resorted to the Illinois Court. The Illinois Court's injunction resulted in an obstruction to the Commission's full exercise of its power and an intrusion into the District Court's exercise of its jurisdiction to enforce the subpoena. Capital Service Inc. v. National Labor Relations Board, 347 U.S. 501, 504-506, 74 S.Ct. 699, 98 L.Ed. 887 (1954). If the injunction were permitted to stand, Barden could continue, with reason, to fear that his compliance with the District Court's order would result in a contempt citation. In a strikingly similar situation the Fifth Circuit sustained a District Court's stay of State Court proceedings, Bland Lumber Co. v. National Labor Relations Board, 5 Cir., 177 F.2d 555 (1949), because it was necessary to do so in order to protect those subpoenaed from contempt for violation of a State Court injunction.
 
 
 13
 St. Regis relies upon Amalgamated Clothing Workers of America v. Richman Bros. Co., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955). There the court decided the District Court had no jurisdiction to entertain the injunction proceeding at the suit of the Union. Consequently there was no jurisdiction to aid. Richman is a later case than Capital but does not render the latter inapplicable. True, the Supreme Court in Richman said that a federal agency's exclusive jurisdiction was not an exception in 2283. But there was no question there of a State Court's injunction frustrating a federal agency's investigative power. St. Regis relies also upon T. Smith & Son, Inc. v. Williams, 5 Cir., 275 F.2d 397 (1960), where the Court of Appeals, 'narrowly' interpreting 2283, resolved a doubt, whether the injunction came within the exception 'where necessary in aid of its jurisdiction' against staying State Court proceedings. Neither Richman nor Smith precludes our conclusion on this point.
 
 
 14
 Finally there is the question of the Illinois accountant-client privilege[5] which St. Regis sought to invoke against the District Court's enforcement of the subpoena duces tecum. It contends the court erred in denying the privilege. We see no error in the court's ruling.
 
 
 15
 The District Court in its ruling relied on Falsone v. United States, 5 Cir., 205 F.2d 734, cert. denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953). There the court decided that a District Court did not err in enforcing a summons, to produce documents, issued by an Internal Revenue agent against an accountant who claimed the privilege under a Florida statute, F.S.A. 473.15. The decision was based on the ground that the 'rigid rules of evidence' in civil suits did not apply to the proceedings before the administrative agency. St. Regis does not deny that the Falsone decision supports the ruling at bar, but argues that the decision is 'wrong' and should not be followed. Its argument is based on the contention that in Falsone the court failed to distinguish between rules of privilege and exclusionary rules of evidence.
 
 
 16
 St. Regis bases its distinction between rules of privilege and exclusionary rules of evidence on their different purposes, stating that the purpose of the privileges is to encourage valued relationships. We are not persuaded that the relationships between several members of a trade association and the association accountant should be considered a relationship equally valued, for the same reason, as the personal relationship between husband and wife, priest and penitent, physician and patient, when to do so would result in a frustration of the Federal Government's performance of a necessary investigatory function. If each member of the association were enabled to successfully claim for itself or the common association accountant a confidential communication privilege, the Commission would be seriously hampered in its role. We think the District Court in its ruling properly relied on authority of Falsone.
 
 
 17
 Baird v. Koerner, 9 Cir., 279 F.2d 623 (1960) is distinguishable from the case at bar because the appeal there was from a judgment of civil contempt against an attorney for his refusal to comply with a District Court order to identify, in an Internal Revenue Service inquiry, his client. We agree with that court that that case was '* * * a civil case.' p. 628. The Falsone appeal was not from a judgment of contempt but, although an Internal Revenue proceeding, was from an order similar to the one before us. There is no inconsistency, therefore, between the view of the court in Baird v. Koerner and the decision in Falsone that such an administrative proceeding is not a civil case. The decision in McMann v. Securities & Exchange Commission, 2 Cir., 87 F.2d 377, 109 A.L.R. 1445, cert. denied, McMann v. Engle, 301 U.S. 684, 57 S.Ct. 785, 81 L.Ed. 1342 (1937), is not pertinent to, and the general statement in Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 216, 66 S.Ct. 494, 90 L.Ed. 614 (1946) is not useful on, this contention of St. Regis.
 
 The court in Falsone said:
 
 18
 'For, speaking generally, the system of rules of evidence in force for trials by jury or even in courts of equity is not applicable, either by historical precedent, or by sound practical policy, to inquiries of fact determinable by administrative tribunals or officers.'
 
 
 19
 That statement expresses our view in this appeal.
 
 
 20
 We hold that the District Court did not err in denying the claim of St. Regis to the benefit of the Illinois accountant-client privilege and in ordering Barden to comply with the Commission's subpoena duces tecum.
 
 
 21
 We have passed on all questions raised by the parties necessary to our holding which disposes of this appeal.
 
 
 22
 The motion to dismiss the appeal is denied, and the judgment is affirmed.
 
 
 23
 The Government asserts that this appeal has presented no reason for further delay in this protracted investigatory proceeding. It requests this court to order the vacation of the District Court's supersedeas of November 2, 1961. It is so ordered, and the clerk of this court will forthwith enter an order accordingly.
 
 
 
 [1]
 American Can Company's intervention was to protect itself against unnecessary public disclosure by the Commission of any information given by Barden. This protection was given in the court's order
 
 
 [2]
 7 Cir.R. 15(f): 'Jurisdictional Question. Whenever it appears that there is a substantial jurisdictional question in a cause pending on appeal, such question may be raised by either party by motion, to determine the issue as to jurisdiction in advance of hearing on the merits. * * *'
 
 
 [3]
 28 U.S.C. 2283
 
 
 [4]
 See 15 U.S.C.A. 45(a), 49
 
 
 [5]
 Ill.Rev.Stat.1961, ch. 110 1/2, 51. 'Accountant as witness. A public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant.'