Jon MILLER, William C. Dunning and Ralph Hornberger

v.

RADIO AND TELEVISION DIVISION OF TRIANGLE PUBLICATIONS, INC., WFIL, WFIL-TV and WFIL-FM

and

Radio and Television Broadcasting Studio Employees, IATSE, Local 804.

Civ. A. No. 40026.

United States District Court E. D. Pennsylvania. April 25, 1966.

Joseph M. More, Philadelphia, Pa., for plaintiff.

Harold Kohn, Philadelphia, Pa., for Radio & Television Division of Triangle.

Richard H. Markowitz, Philadelphia, Pa., for IATSE, Local 804.

WOOD, District Judge.

## FINDINGS OF FACT

1. Plaintiffs are individual employees of defendant Radio and Television Division of Triangle Publications, Inc., operating stations WFIL, WFIL–FM and WFIL–TV.

2. Defendant Radio and Television Broadcasting Studio Employees, IATSE, Local 804, is the collective bargaining representative of certain employees of defendant Radio and Television Division of Triangle Publications, Inc., and is a party to a collective bargaining agreement with the said defendant Employer.

3. A dispute arose between defendant Local 804 and the defendant Employer concerning the defendant Employer's failure to comply with the defendant Union's request to discharge plaintiffs because of their failure to observe the union security provisions of the aforesaid collective bargaining agreement.

4. The said dispute was submitted to arbitration in accordance with the collective bargaining agreement between the two defendants and pursuant to the rules of the American Arbitration Association, and was heard before S. Stanley Alderfer, an arbitrator selected in accordance with the rules of the American Arbitration Association.

5. On February 25, 1966, the aforesaid arbitrator issued his Award and Opinion, finding that plaintiffs failed to comply with the agency shop requirements of the collective bargaining agreement, and directing that defendant Employer discharge said employees and make certain payments to the defendant Union.

6. Defendant Radio and Television Division of Triangle Publications, Inc., the defendant Employer, has not complied with the provisions of the arbitrator's Award.

7. The defendant Union has instituted an action in this Court against the defendant Employer seeking an Order of this Court requiring defendant Employer to comply with the aforesaid arbitration Award and, *inter alia,* to award to the

defendant Union damages resulting from defendant Employer's violation of the collective bargaining agreement by its failure to comply with the Award of Arbitrator Alderfer. The said action is docketed in this Court as Civil Action No. 39964.

8. Under date of September 1, 1965, Joseph M. More, Esquire, attorney for plaintiffs, filed with the National Labor Relations Board unfair labor practice charges against defendant Union and against defendant Employer, alleging a violation of Section 8(a) (1) of the National Labor Relations Act by the defendant Employer, and of Sections 8(b) (1) (A) and 8(b) (2) of the Act by the defendant Union. The said unfair labor practice charges against the defendant Employer are captioned as Case No. 4–CA–3762, and against the defendant Union as Case No. 4–CB–1185. Said unfair labor practice charges were filed by Joseph M. More, Esquire, only on behalf of plaintiffs William C. Dunning and Jon Miller.

9. Shortly after the issuance of the arbitration Award, the National Labor Relations Board authorized the Regional Director of the Fourth Region of the National Labor Relations Board to issue a formal charge against the defendant Union.

10. The Regional Director of the Fourth Region of the National Labor Relations Board has taken no action on these unfair labor practice charges which are presently pending before him.

## CONCLUSIONS OF LAW

1. To justify the grant of a preliminary injunction there must be a showing of irreparable injury and the inadequacy of legal remedies. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Warner Bros Pictures v. Gittone, 110 F. 2d 292, 293 (3rd Cir. 1940).

2. The loss of employment pursuant to an arbitration award under a collective bargaining agreement does not constitute irreparable harm when such loss of employment may be compensated by damages for lost wages if plaintiffs are ultimately correct. Bieski v. Eastern Automobile Forwarding Co., Inc., 354 F. 2d 414 (3rd Cir., decided December 29, 1965); Fuller v. Highway Truck Drivers and Helpers Local 107 et al., 228 F.Supp. 287, 289–290 (E.D.Pa.1964); Wolko v. Highway Truck Drivers and Helpers Local 107 et al., 232 F.Supp. 594 (E.D.Pa. 1964).

3. Plaintiffs have been and are still employed by management, and the record does not disclose that they are in danger of immediate dismissal.

4. Plaintiffs have not suffered, and are not suffering, any irreparable harm.

5. Plaintiffs can obtain full and complete relief, including reinstatement and full back pay, from the National Labor Relations Board if the Regional Director of the Fourth Region of the Board determines to proceed on their unfair labor practice charges, and the Board finds that the defendant Union and the defendant Employer have violated the Act. Radio Officers' Union of Commercial Telegraphers Union v. National Labor Relations Board, 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455 (1954).

6. The Regional Director of the National Labor Relations Board is entitled to seek the injunctive relief sought here by plaintiffs during the pendency of the proceedings before the National Labor Relations Board pursuant to Section 10 (j) of the Act, 29 U.S.C.A. § 160(j). Cf. Capital Service, Inc. v. National Labor Relations Board, 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887 (1954).

7. Considering the fact that the Union has instituted the aforementioned action in this Court to enforce the arbitration award and that the plaintiffs, as previously stated, have sought relief from the National Labor Relations Board and the issue is now before the Regional Director, this Court should not maintain the "status quo" as sought by the petitioners since the necessary relief will be afforded in those two proceedings. Furthermore, in view of the above and the record as a whole, it cannot be conclud-

ed with reasonable certainty that the plaintiffs may ultimately prevail in this action.

8. Plaintiffs' attack upon the arbitration award issued under the collective bargaining agreement between the defendants does not justify the issuance of a preliminary injunction.

9. There is no basis for the grant of a preliminary injunction upon plaintiffs' prayer.

### ORDER

And now, this 25th day of April, 1966, it is ordered that the original application for a restraining order, the petition to maintain the status quo and the motion for preliminary injunction are all denied without prejudice.