**NATIONAL LABOR RELATIONS BOARD, Plaintiff,**

v.

**ROYWOOD CORPORATION, an Alabama corporation and Honorable Will G. Caffey, Jr., in his capacity as Judge of the Circuit Court of Mobile County, Alabama, Defendants.**

Civ. A. No. 5111–68–T.

United States District Court
S. D. Alabama, S. D.

June 20, 1969.

Charles M. Paschal, Jr., Regional Atty., N.L.R.B., New Orleans, La., Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., for plaintiff.

T. E. Twitty, Willis C. Darby, Jr., Mobile, Ala., for defendants.

Nicholas S. Hare, Special Asst. Atty. Gen., Montgomery, Ala., for defendant Will G. Caffey, Jr.

DANIEL HOLCOMBE THOMAS, Chief Judge.

This complaint filed by the National Labor Relations Board, hereinafter referred to as the "Board", prays for injunctive relief to restrain the defendants from enforcing or seeking to enforce an injunction which the defendant, Honorable Will G. Caffey issued in his official capacity on February 7, 1968, in the

Mobile County Circuit Court against James C. Burns, president of Local Union 1264, International Brotherhood of Electrical Workers, AFL–CIO, hereinafter referred to as the "union". The state court injunction restrains the union from publishing any false or untrue statement of and concerning Roywood Corporation of unfair competition, of maintaining inferior working conditions for employees of Roywood Corporation, of forcing its technicians out of strike and of engaging in union busting tactics pending further orders of the state court.

The Board asserts that the state court has no jurisdiction to issue such an injunction as the field of management-labor disputes has been delegated to the Board by federal legislation. 29 U.S.C. Sec. 151 et seq.

This matter came before the Court on the motion of both defendants to dismiss this action as failing to state a claim upon which relief can be granted and that the requested relief would violate the prohibition of Title 28, Section 2283 of the United States Code. The motions were set down for a special hearing and after oral argument by counsel for the respective parties, the motions were taken under submission by the Court on March 25, 1969.

█ It has long been established that Section 2283 has no application to the United States as a party. Leiter Minerals v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). The rationale for the exception to the statute is obvious; to protect "superior federal interest" when in conflict with the State court proceedings. Even when the United States is not a formal party, "federal interest" may override the comity mandate of Section 2283. Studebaker Corp. v. Gittlin, 360 F.2d 692 (2d C.A.1966); Machesky et al. v. Bizzell, 414 F.2d 283 (5 C.A. decided 5/5/69). The Board's contention that it is the United States for purposes of Section 2283 has been squarely rejected. NLRB

v. Swift & Company, 233 F.2d 226, 232 (8th Cir.1956). However, in consideration of the Supreme Court's subsequent decision in *Lieter Minerals*, and the recent decision in *Machesky*, the Court finds that the NLRB, in its governmental regulatory capacity is the United States for purposes of Section 2283.

Having initially determined that the "private party" prohibition of Section 2283 is not applicable to the Board, the Court must now decide if this is an extraordinary case warranting the issuance of an injunction against the State court proceedings. After careful consideration, and without reaching the merits of the case, the Court concludes that it is not.

Title 28, Section 2283 of the United States Code reads:

"A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effect its judgments."

█ The issuance of a formal complaint by the Board, pursuant to an unfair labor practice charge, creates a "controversy" under the jurisdiction of the Board. N. L. R. B. v. Hopwood Retinning Company, 98 F.2d 97, 101 (2nd C.A.1938); N. L. R. B. v. Kohler Company, 220 F.2d 3, 7 (7th C.A.1955).

The defendant Roywood Corporation, before seeking the state court injunction, filed with the General Counsel, unfair labor practice charges against the union and urged the commencement of formal proceedings against the union. In lieu of issuing a formal complaint, the Regional Director and the union entered into a separate agreement whereas the union agreed to discontinue their unfair labor activities. The defendant Roywood was not a party to this agreement.

The jurisdiction of the Board has not been invoked because no complaint has

ever been issued. Yet, on the conjecture that the Board may, sometime in the future, initiate formal proceedings, and hence the state court injunction would interfere with the jurisdiction of the Board and the disposition of the controversy, plaintiff moves this Court for injunctive relief.

To grant the sought relief, the Court would have to hold that the injunction is necessary in aid of its jurisdiction. The Court recognizes that the Board has jurisdiction over existing management-labor controversies, but under the existing facts and circumstances, the Board's jurisdiction, much less the Court's, has not been invoked. If the Board institutes formal proceedings, initiated by a complaint from the regional director, and then requests injunctive relief from this Court, a different question is presented. See: Capital Service, Inc. v. N. L. R. B., 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887 (1954); N. L. R. B. v. Marhoefer, slip opinion No. 25,883, 5th C.A., decided 4/17/68.

The present facts do not give rise to the level of an "extraordinary case for protection of superior federal rights". To issue an injunction in the present posture of the case would be a judicial improvisation of Section 2283 which is prohibited. Amalgamated Clothing Workers of America v. Richman Bros. Company, 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955).

Therefore, for good cause appearing, it is ordered, adjudged and decreed by the Court that the motions to dismiss filed on September 3, 1968, by both party defendants should be and are hereby granted.

It is further ordered, adjudged and decreed by the Court that this cause should be and is hereby dismissed.

The Court having found that this complaint fails to state a claim upon which relief can be granted, the Board's motion for a protective order is hereby rendered moot.

Cost to be taxed against the plaintiff.