### NATIONAL LABOR RELATIONS BOARD, Plaintiff

v.

### NASH–FINCH COMPANY, d/b/a Jack & Jill Stores, a Delaware Corporation, authorized to do business in the State of Nebraska, Defendant.

Civ. No. 1583L.

United States District Court,
D. Nebraska.

Sept. 26, 1969.

John I. Taylor, NLRB, Washington, D. C., for plaintiff.

David D. Weinberg, Omaha, Neb., and Solomon I. Hirsh, Chicago, Ill., for proposed intervenor-plaintiff.

Thomas F. Dowd, Omaha, Neb., for defendant.

## MEMORANDUM and ORDER

VAN PELT, District Judge.

This matter comes before the Court on the motion of the National Labor Relations Board for a preliminary injunction to prevent the Nash-Finch Company (doing business as Jack & Jill Stores) from enforcing a state court injunction issued by the District Court of Hall County, Nebraska. The state court injunction restrains certain actions of individuals engaged in picketing Jack & Jill Stores in Grand Island, Nebraska. The picketing in question occurred during an attempt by Amalgamated Meat Cutter and Butcher Workmen of North America, AFL–CIO, District Union 271 to organize the meat cutters employed by Jack & Jill.

Also before the Court is the motion of Amalgamated to intervene as a party plaintiff in this action. Finally, Nash-

Finch has filed a motion to dismiss the complaint. By agreement of counsel, all three motions were argued at a hearing held before this Court on September 12. The Court, at the conclusion of that hearing, took submission of the motions. The matters raised by the motions now stand ready for determination.

It is the opinion of the Court that the jurisdictional question raised by the defendant, Nash-Finch, is dispositive of the case. We turn now to an examination of the power of this Court to grant the relief that the N.L.R.B. requests.

This matter is properly before this court under 28 U.S.C.A. § 1337 giving jurisdiction of questions arising under an Act of Congress to the District Courts. The National Labor Relations Act is such an Act. Capital Service v. N. L. R. B., 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887 (1954).

However, in the instant case, this court is asked to restrain the enforcement of a state court injunction. In such a situation, there is a rigid limitation on the power of this court to act. 28 U.S.C.A. § 2283 provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The history of Section 2283 indicates that it is to be strictly construed and a particular case must be within the exceptions that are set out by the statute in order for an injunction to issue. Amalgamated Clothing Workers of America et al. v. Richmond Brothers Co., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955). Thus, in order for the relief herein requested to be granted, the N.L.R.B. must bring itself within one of the above noted exceptions to Section 2283 or, in the alternative, show that this section does not apply in the instant case.

The N.L.R.B. offers three arguments to the effect that this Court has the au-

thority to issue the injunction that is asked for. First, the Board argues that under the rationale of Leiter Minerals, Inc. v. U. S., 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957), when the United States is the party applying for an injunction restraining state court proceedings, Section 2283 does not apply. Thus, the Board as an agency of the United States Government would also be excluded from the prohibition of Section 2283.

Secondly, it is argued that Section 2283 does not apply here as the state court is wholly without jurisdiction over the subject matter in that it has invaded a field preempted by congressional legislation. See, e. g., San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

Finally, it is the Board's contention that the picketing in question is involved with the organizational activities which have been continuing over a period of time. In connection with these activities, an unfair labor practice charge has been filed with the Board by the Union. 29 U.S.C.A. § 160(j) and (l) authorize the Board to seek injunctive relief in specific circumstances concerning unfair labor charges. Thus, the Board argues, if this Court finds Section 2283 applicable to the instant case, the questioned activities are within the ambit of sections (j) and (l) and therefore within the "as authorized by an Act of Congress" or the "in aid of its jurisdiction" exceptions to Section 2283. Capital Service v. N. L. R. B., 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887 (1954).

In examining the first contention of the Board, it is noted that the Court of Appeals for this Circuit has held that the Board did not stand in the position of the United States for the purposes of determining the applicability of Section 2283 in a suit for injunctive relief. N. L. R. B. v. Swift & Company, 233 F.2d 226 (8th Cir. 1956). It is the position of the Board, however, that the United States Supreme Court's decision in *Leiter Minerals, Inc., supra,* has undermined the Court of Appeals' holding

on this point. We believe that a careful examination of *Leiter* and other relevant cases in this area does not bear out this contention.

██ We begin with the proposition that the intention of Congress to bestow the privileges and immunities of the Government upon agencies created by the Government must be clearly demonstrated. Reconstruction Finance Corporation v. J. G. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941). The Court of Appeals in *Swift & Company, supra,* found that

"The Board has not demonstrated that it was the intention of Congress to exempt actions brought by it from the limitations imposed by section 2283." *Id.* 233 F.2d at 232.

We are of the opinion that in the instant case the Board has not established that it was the intention of Congress to bring it within the immunity of the United States insofar as concerns section 2283. While the *Leiter* case does establish the inapplicability of section 2283 to the United States, we find no justification in extending this doctrine to the National Labor Relations Board as an agency of the Government. To be considered is Mr. Justice Frankfurter's statement in *Amalgamated Clothing Workers, supra,* 348 U.S. at 514, 75 S.Ct. 452, at 454 where he considers the import of the 1948 amendment to the predecessor of section 2283 which represents the section as it appears today.

"By that enactment, Congress made it clear beyond cavil that the prohibition is not to be whittled away by judicial improvisation."

We also are of the opinion that the Supreme Court's decision in *Amalgamated,* while bearing more directly on the second contention of the Board, also supplies compelling support for the position that the Board is not to be excluded from the prohibition of section 2283. This will be noted in the discussion of the preemption issue raised by the Board.

██ The Board next argues that the area covered by the state court injunction is within the exclusive jurisdiction of the N.L.R.B. and thus section 2283 does not apply. We feel that this argument is met squarely by the Supreme Court's findings in *Amalgamated Clothing Workers, supra.*

"In the face of this carefully considered enactment [§ 2283], we cannot accept the argument of the petitioner and the Board, as amicus curiae, that § 2283 does not apply whenever the moving party in the District Court alleges that the state court is 'wholly without jurisdiction over the subject matter, having invaded a field preempted by Congress.' No such exception had been established by judicial decision under former § 265. In any event, Congress has left no justification for its recognition now. This is not a statute conveying a broad general policy for appropriate ad hoc application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions.

"We are further admonished against taking the liberty of interpolation when Congress clearly left no room for it, by the inadmissibility of the assumption that ascertainment of preemption under the Taft-Hartley Act is self-determining or even easy. As we have noted in the *Weber* case, [Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546] 'the areas that have been pre-empted by federal authority and thereby withdrawn from state power are not susceptible of delimitation by fixed metes and bounds.' 348 U.S. at 480, 75 S.Ct. at page 487. What is within exclusive federal authority may first have to be determined by this Court to be so." *Amalgamated Clothing Workers, supra,* 348 U.S. at 515–516, 75 S.Ct. at 455.

Thus, while we note, although not deciding, that the complained of picketing in the instant case may be within the exclusive jurisdiction of the N.L.R.B. by virtue of the *San Diego Building Trades Council* case, this without more does not remove the limitation on this Court's

power to grant the injunctive relief requested.

This would also reenforce our determination that the Board should not be considered as having the Government's immunity to section 2283. If this Court may not exercise its equity power to ban state courts from federally preempted areas, then there is no logic to the argument that the Board, as administrator of the preempted areas and being vested with exclusive jurisdiction therein, should enjoy the exclusion from the operation of section 2283 when it seeks to protect this jurisdiction. Section 2283 provides that the Board will be exempt when the Court is "authorized by an act of Congress" to issue injunctive relief. The National Labor Relations Act in 29 U.S.C.A. § 160(j) and (l) provides a remedy to the Board to protect this jurisdiction.

Thus, it is our conclusion that unless the Board can bring itself within one of the exceptions to section 2283, this Court is powerless to act in the case before us.

Preliminary to a discussion of this Court's authority to grant relief requested under sections 10(j) or 10(l) of the Act, it is necessary to set forth the chronology of events leading up to the instant case.

An unfair labor charge was filed by the Union with the Board on October 9, 1968 alleging unfair labor practices on the part of the company. A complaint was issued on January 7, 1969 and a hearing was held thereon on February 11 and 12, 1969. The Trial Examiner's Decision and Recommended Order was issued April 28, 1969.

The trial Examiner found that the Company was engaged in unfair labor practices in that it refused to bargain with the Union as the exclusive representative of the employees in the appropriate unit, suggested the substitution of non-Union representation for Union representation, by soliciting revocation of prior Union authorizations, and by advising employees not to attend Union meetings and by coercively interrogating employees concerning Union representation (Exhibit B, filing #1). No mention of picketing is found in the Trial Examiner's Decision or Recommended Order. After the issuance of the Decision, the Company took exception to the findings and the case is currently pending before the Board.[1]

Approximately one month after the issuance of the Trial Examiner's Decision, the Union commenced picketing the Jack & Jill Store in Grand Island, Nebraska.

On May 27, 1969, the Company petitioned the District Court of Hall County, Nebraska, for injunctive relief against the picketing. The court granted the requested relief on June 25, 1969 and issued a temporary injunction.

It will be noted that no charges concerning the picketing have been filed by the Company or the Union with the N.L.R.B. The Board has made no examination of the picketing either with regard to Union or Company activity.

Section 10(j) of the Act reads:

"The Board shall have the power, upon the issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court * * * for appropriate temporary relief or restraining order." 29 U.S.C.A. § 160 (j)

■■ Thus it would appear that for this Court to entertain a request for relief in a 10(j) proceeding, there must exist, as a prerequisite to the Board's application, a complaint which has as its

1. On September 21, 1969 an article appeared in the Lincoln Evening Journal indicating that the National Labor Relations Board had found for the Nash-Finch Company, thus rejecting the findings of the Trial Examiner.

basis the activities in question. National Labor Relations Board v. Swift & Company, 233 F.2d 226 (8th Cir. 1956). As has been noted, the picketing in question here has not been the basis for the issuance of such a complaint. This being the case, it is the conclusion of this Court that under the circumstances, section 10(j) does not authorize us to avoid the prohibitions of section 2283. We note that we do not determine that section 10(j) would allow this Court to exercise its jurisdiction should all proper prerequisites be met, leaving this question for future determination.

The question next arises as to whether section 10(l) affords a proper basis upon which to issue the relief requested. In this regard, the Board relies upon Capital Service Inc. v. N. L. R. B., 347 U.S. 501, 74 S.Ct. 699 (1954). In this case, the manufacturer filed an unfair labor practice charge against the union concerning picketing activities. He also filed suit in a California state court for injunctive relief. The Board issued an unfair labor practice complaint against the union on a limited basis and instituted a 10(l) proceeding in the United States District Court for an injunction restraining certain activities occurring during the course of picketing. Approximately one month prior to this, the California state court had issued the requested relief. In the 10(l) proceeding, the Board asked that injunctive relief issue against the state court injunction. The United States Supreme Court held that as the state court injunction and the properly requested injunctive relief from the District Court touched the same basic activity, the District Court had properly restrained the state court injunction within the meaning of the "in aid of its jurisdiction" exception to section 2283.

Thus, if we were, in the instant case, faced with an application by the Board for an injunction to restrain activities upon which a complaint had been issued, and were also confronted with a state court injunction which would interfere with the exercise of this Court's jurisdiction over the subject matter, we would be bound under the Capital Service case and the policies of the N.L.R.B. to restrain the enforcement of the state court decree. This is not the case here, however. The picketing in question is not involved in the complaint issued by the Board on January 7, 1969. If and when this complaint reduces itself to final adjudication by the Board and the Board applies to this Court for appropriate relief in a 10(l) proceeding, the activities of the Company and those of the Union picketing are sufficiently separate to allow this Court to draft a decree against the Company without involving the picketing activities. See N. L. R. B. v. Swift & Co. supra.

It is the conclusion of this Court that it does not have the power by virtue of the limitations imposed upon it by section 2283 to issue the requested relief.

It may be pointed out that such a holding leads to the rather anomalous result. It could be argued that, in view of our holding, an employer may successfully frustrate Board action by applying to a state court for injunctive relief rather than filing an unfair labor practice charge with the Board. This is particularly relevant here where picketing activities are involved and, as noted earlier in this opinion, Supreme Court decisions indicate that Congress may have preempted this area to a large extent. We are also mindful that when picketing activities are required to be vindicated through lengthy appellate procedures, much of the impact of such activities as an economic weapon against the Company is lost.

The United States Supreme Court in Amalgamated Clothing Workers, supra, 348 U.S. at 520, 75 S.Ct. 452, poses a question which is yet to be answered and upon its determination, may provide a remedy for situations such as the Board and Union are faced with in the instant case. Mr. Justice Frankfurter notes that it has not yet been decided whether a company's application to a

state court for an injunction covering federally preempted employee rights under § 7 and § 8(a) (1) of the Act, may, in itself, constitute an unfair labor practice. See Footnote 6, at 520. Thus, if this were so, the Union could file an unfair labor charge with the Board upon which a complaint could issue and, at that time, the Board could invoke the injunctive power of this Court under sections 10(j) or 10(l).

Our decision today does not cut off the Union or the Board from their rights of appellate review in both state and federal courts. Rather, we conclude that, under the factual situation found here, Congress has precluded this Court from acting, seeking instead to maintain the traditional dichotomy of the federal and the state courts. We assume, as is proper, that federally protected rights will be vindicated in state courts to the same extent that they would find vindication in the federal courts.

In view of the above,

It is ordered that the motion of the National Labor Relations Board for a preliminary injunction, being filing #2, should be and hereby is overruled and denied.

In view of our disposition of the case, we do not feel it necessary to determine on the merits the motion of the Union to intervene in this action. It will be noted that counsel for the Union appeared and was heard on matters touching all three motions at the September 12th hearing.

It is therefore further ordered that the motion of the Union to intervene, being filing #3, should be and hereby is overruled and denied.

Finally, as it is this Court's determination that we are without jurisdiction to grant the relief requested,

It is therefore further ordered that the motion of the defendant Nash-Finch to dismiss, being filing #6, should be and hereby is sustained and the complaint is dismissed.