**FEDERAL HOME LOAN BANK BOARD et al., Plaintiffs,**

v.

**COURT OF COMMON PLEAS et al., Defendants.**

No. C 80–849 Y.

United States District Court, N. D. Ohio, E. D.

Feb. 6, 1981.

Kathleen Ann Sutula, Asst. U. S. Atty., Cleveland, Ohio, Harvey Simon, John E. Gunther, Jeffrey M. Werthan, Federal Home Loan Bank Bd., Washington, D. C., for plaintiffs.

William M. O'Neill, Geneva, Ohio, Edgar H. Boles and William T. Smith, Thomas E. Baker, G. Del Bates, Cleveland, Ohio, Phillip J. Cantagallo, John Cardinal, Ashtabula, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

■ The Federal Home Loan Bank Board (FHLBB) and the Federal Savings and Loan Insurance Corporation (FSLIC) have asked this Court to enjoin[1] the Court of Common Pleas of Ashtabula County, Ohio, and the Honorable Joseph E. Mahoney of that Court, from declaring that a proxy vote taken June 29, 1977 by the shareholders of the Ashtabula County Savings and Loan Company approving a merger with Cardinal Federal Savings & Loan was invalid and contrary to the law of the State of Ohio. Also named as defendants are Cardinal Federal Savings and Loan Association and Phillip J. Cantagallo, who instituted the shareholders' derivative suit. Although the issue has not been raised in the papers before this Court, it is a violation of fundamental principles of state-federal relations for a federal judge to enjoin a state court or its judge when an injunction against the litigants will accomplish the same purpose, *Lamb Enterprises, Inc. v. Kiroff*, 549 F.2d 1052 (6th Cir.), *cert. denied* 431 U.S. 968, 97 S.Ct. 2927, 53 L.Ed.2d 1064 (1977). Therefore, the Ashtabula County Court of Common Pleas and the Honorable Joseph Maho-

ney are hereby dismissed as parties to this action.

It appears that Ashtabula County Savings, a corporation organized pursuant to Ohio Rev. Code § 1151, was facing serious financial problems in mid-1977 and that a merger with Cardinal Federal was proposed. Such a merger had to be approved by the shareholders of Ashtabula County Savings. The propriety of the meeting approving the merger was attacked both before and after the fact in a shareholders' derivative action filed by Mr. Phillip Cantagallo in the Ashtabula County Court of Common Pleas before Judge Mahoney. The meeting was allowed to proceed on June 29, 1977, and on September 6, 1977, Judge Mahoney entered an interlocutory order denying Mr. Cantagallo's motion to set aside the shareholders' vote. With full notice of the pendency of an appeal of Judge Mahoney's ruling, the FHLBB approved the merger of Ashtabula County Savings into Cardinal Federal effective January 31, 1978. Subsequently, the Ohio Court of Appeals ruled that the denial of the motion to set aside the shareholders' vote was not a final, appealable order. Thereafter, on December 24, 1979, Judge Mahoney found there was sufficient reason to enjoin Cardinal Federal from disposing of the assets it acquired from Ashtabula County Savings as a result of the merger, and on April, 1980 granted summary judgment to the plaintiffs in the derivative action, finding that a material fact had been omitted, precluding the shareholders' from casting an informed vote. This ruling is now on appeal to the Ohio Court of Appeals.

Federal Home Loan Bank Board and FSLIC now seek to have this Court halt the proceedings on the grounds that their power to exercise exclusive regulatory authority over Cardinal Federal will be inhibited in contravention of preemptive federal law and that any action taken by the state courts will threaten FSLIC, which insures

---

1. Plaintiffs have also sought a declaratory judgment that the proceedings at issue here must not be pursued. The policy of § 2283 is also applied to prohibit declaratory judgments which, though not enjoining the state proceed-

ing, would decide and preempt the matter pending therein. *Chemical Corporation v. Burlington Industries*, 448 F.2d 1328 (2nd Cir.), *cert. denied* 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1971).

42

Cardinal Federal's savings accounts, with irreparable injury.

■ Any analysis of the issues facing this Court must begin with, and be guided by, the strictures of 28 U.S.C. § 2283, which recognizes the delicate relationship between federal and state courts, by providing quite simply, that

> [a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

If there is one common thread running through the decisions wherein this section has sought to be applied, it is that in the interests of comity and federalism, federal courts must act with the utmost reluctance before interfering with a state proceeding, criminal or civil. *See, e. g., Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Leiter Minerals, Inc. v. U.S.*, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267, *rehearing denied*, 352 U.S. 1019, 77 S.Ct. 553, 1 L.Ed.2d 560 (1957).

■ Mindful of this attitude of restraint, this Court now must evaluate the argument of FHLBB that Congress has vested it with exclusive jurisdiction over the subject matter at issue here and that the intrusion of the pending state court suit would result in a conflict of functions making it essential that this Court issue the injunction to preserve the federal right. *See Capital Service, Inc. v. N.L.R.B.*, 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887 (1954).

There can be little doubt that Congress in passing the Home Owners' Loan Act, 12 U.S.C. § 1461, *et seq.*, intended that FHLBB and FSLIC preempt the field concerning the operation of federally chartered savings and loan associations. *First Federal Savings & Loan Ass'n of Boston v. Greenwald*, 591 F.2d 417 (1st Cir. 1979). Nor is there any question that FHLBB has

the power to approve the merger of a state-chartered institution and a federally-chartered one. 12 U.S.C. § 1464(a). The precise issue faced here is whether the federal government has preemptive authority regarding the effectuation of the merger itself—did Congress intend that state courts and legislatures be completely divested of any power to regulate the absorption of one of their state-chartered corporations into a federally-chartered one? Perhaps general notions of comity and federalism would be sufficient to produce the analysis that inasmuch as the laws governing corporations are traditionally the province of the states, and inasmuch as it is the property rights of individual shareholders that are being altered, it is the law of the state to which deference is owed.

Such an analysis is unnecessary however. The FHLBB has itself promulgated the regulation that governs mergers such as the one at issue here. Found at 12 C.F.R. § 546.2, it provides:

> [a] Federal association and one or more or other associations insured by the Federal Savings and Loan Insurance Corporation may merge as prescribed in this part *if as to any such association which is not a Federal association the merger is in accordance with the laws of the jurisdiction in which the association was organized.* (emphasis added).

The clear interpretation of this regulation is that the FHLBB and the federal government have not preempted the field of state-federal bank mergers, and that state law [2] will govern the ultimate validity of such a merger.

This Court is painfully aware that should the Ohio Court of Appeals uphold the summary judgment of the Court of Common Pleas, the fashioning of relief may now, due to the passage of time since the merger has in fact taken place, impermissibly impinge on rights wholly within the purview of fed-

---

**2.** While Chapter 1151 of the Ohio Revised Code is silent as to the authority of building and loan associations to merge with other associations, it appears that the general corporation laws of Ohio apply to the merger of a state chartered building and loan association with a federally chartered one. 67 O.A.G. 059. Thus it appears to this Court that Title 17 of the Ohio Revised Code will provide the statutory guidance needed here.

eral control. However, at this juncture this Court cannot assume that a state court will not be responsive to the federal issues involved, and the mere possibility that the state judge might make an erroneous ruling on the federal issues involved is an insufficient basis for federal intervention in the orderly progress of state litigation. *See, e. g., Taylor v. City of Chesapeake*, 312 F.Supp. 713 (E.D.Va.1972).

■ Where, as here, a federal district court has abstained in deference to a pending state proceeding so as not to interfere with state sovereignty, proper disposition of the matter is dismissal. *Ahrensfeld v. Stephens*, 528 F.2d 193 (7th Cir. 1975). Should the ultimate disposition of the matter fail to adequately protect the rights and obligations assumed by Cardinal Federal Savings and Loan and FHLBB, at that time this Court may assert its jurisdiction, but at this point in the proceedings, any action by this Court would be based on the unseemly assumption that the Ohio courts will be heedless of the existence of federal banking law and the fact that the merger has taken place. This Court has confidence that such factors will not be ignored.

IT IS THEREFORE ordered that this action be dismissed and terminated.

IT IS SO ORDERED.