CALIFORNIA STATE COUNCIL OF CARPENTERS, etc., et al.,
Plaintiffs,

v.

ASSOCIATED GENERAL CONTRACTORS OF CALIFORNIA, INC.,
et al., Defendants.

No. C–75–0260 RFP.

United States District Court,
N. D. California.

Aug. 4, 1975.

Order Sept. 10, 1975.

**1068**

Victor J. Van Bourg, David A. Rosenfeld, Van Bourg, Allen, Weinberg, Williams & Roger, San Francisco, Cal., for plaintiffs California State Council of Carpenters, etc., and others.

James P. Watson, Cox, Castle, Nicholson & Weekes, Los Angeles, Cal., for defendant Associated Gen. Contractors of California, Inc.

Gordon Johnson, Edward J. Ruff, Fielding H. Lane, and William F. Hoefs, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for defendants Perini Corp. and Dillingham Corp. of San Francisco.

Sherwood M. Sullivan, Stephen H. Pettigrew, Hopkins & Carley, San Jose, Cal., for defendants Herwig of California, Inc., Nicholson-Brown, Inc. and Barnhardt Const. Co.

Phillip A. Cooke, Steel & Arostequi, Islip, Cooke & Guthrie, Marysville, Cal., for defendant Baldwin Contracting Co., Inc.

Kurt W. Melchior, J. Mark Montobbio, Severson, Werson, Berke & Melchior, San Francisco, Cal., for defendant The Harold E. Shugart Co., Inc.

William F. McCabe, Nicholas B. Waranoff, Jacobs, Sills & Coblentz, San Francisco, Cal., for defendant The Taubman Co., Inc.

Bryant K. Zimmerman, South San Francisco, Cal., for defendant Guy F. Atkinson Co.

William H. Bryant, Crist, Crist, Griffiths, Bryant & Schulz, Palo Alto, Cal., for defendant Peck & Hiller.

Richard E. Brandt, McDonough, Holland, Schwartz & Allen, Sacramento, Cal., for defendants Continental Heller Corp. and A. Teichert & Son, Inc.

James C. Paras, Raymond L. Wheeler, Morrison & Foerster, San Francisco, Cal., for Dinwiddie Const. Co.

Howard Hassard, John I. Jefsen and A. Robert Singer, Hassard, Bonnington, Rogers & Huber, San Francisco, Cal., for defendant Swinerton & Walberg.

Gerard Wagstaffe, Wagstaffe, Daba & Hulse, Redwood City, Cal., for defendant Johnson & Mape Const. Co.

Larry D. Dingus, Peter C. Haley, Knect, Dingus & Boring, San Francisco, Cal., for defendants Welch Const., Inc. and Dickman Const. Inc.

John B. Clark, James E. Harrington, Jr., Pettit, Evers & Martin, San Francisco, Cal., for defendant Carl W. Olson & Sons Co.

Watson, Tedesco, Sanguinetti & Alphonse, San Jose, Cal., for defendant Dan Caputo Co.

Dennis C. Hession, San Mateo, Cal., Ropers, Majeski, Kohn, Bentley & Wagner, Redwood City, Cal., Eustice, Feeley, Maguire & Sines, Los Altos, Cal., Arthur M. Traugh, Sacramento, Cal., Harlow P. Rothert, Hancock, Rothert & Bunshoft, San Francisco, Cal., for defendant Howard J. White, Inc.

Miller, Morton, Caillat & Nevis, San Jose, Cal., for Lew Jones Const. Co.

Arthur P. Greenfield, Snell & Wilmer, Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

PECKHAM, District Judge.

Motions to dismiss, to strike, for more definite statements, or to stay by various of the defendants were submitted to the court after lengthy oral argument on May 5, 1975. While the case was under submission, the Supreme Court decided the case of *Connell Construction Company v. Plumbers and Steamfitters Local Union No. 100 et al.*, 421 U.S. 616, 95 S.Ct. 1830, 44 L.Ed.2d 418 (1975) concerning the application of federal and state antitrust laws in the area of labor relations. In order to permit the parties to comment on the applicability of *Connell* to this case, on June 24, 1975 the court set a hearing for July 18, 1975 for further argument on the motions previously submitted to the court. The court's order of June 24, 1975 also granted plaintiffs' then pending motion to file a first amended complaint, deemed the pending motions to dismiss the complaint applicable to the first amended complaint, extended the time of all defendants for filing responsive pleadings until ten days after the filing of an order disposing of the pending motions to dismiss, and granted all parties leave to file additional arguments regarding the motion to dismiss as applied to the first amended complaint.

Since the issuance of the court's most recent order, plaintiffs filed on July 9, 1975 a reply memorandum of points and authorities and on July 10, 1975, defendant Associated General Contractors filed a supplemental memorandum in support of its motion to dismiss. On July 16, 1975, the court sent a telegram to counsel for all parties indicating that the pending motions to dismiss would be submitted on July 18, 1975 on the papers filed, without oral argument as previously scheduled.

Plaintiffs sue defendants in a five-count complaint alleging a rather vague, general conspiracy to weaken and destroy the plaintiff unions by hiring non-union persons and various other alleged acts of sabotage. The complaints appear typical of disputes a union might have with an employer, which in the normal course are either presented to the National Labor Relations Board for resolution of charges that defendants have engaged in unfair labor practices or, if the acts arguably constitute violations of the collective bargaining agreements, are presented through the contract grievance machinery and ultimately to an arbitration panel.

Defendants have responded with motions to dismiss with respect to each of plaintiffs' claims. Alternatively, if the court does not dismiss, defendants seek to have the court strike certain portions of the complaint and compel more definite statements by plaintiffs of the nature of their claim.

The facts set out in plaintiffs' complaint are alleged to constitute five causes of action, upon which plaintiffs claim damages of $775,000,000.

■ The first cause of action alleges violations of the federal antitrust laws. Defendants cite numerous cases in support of the proposition that disputes between unions and employers do not normally give rise to violations of the antitrust laws. While an *agreement between* a union and an employer to conspire in some respect may give rise to an antitrust violation, the normal labor *dispute between* union and employer does not. *See, e.g., U.M.W. v. Pennington*, 381 U.S. 657, 662, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965); *Allen Bradley Co. v. IBEW Local 3*, 325 U.S. 797, 806–11, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945); *Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of America, AFL–CIO*, 431 F.2d 1004 (5th Cir.), rehearing and rehearing en banc denied (1970); *Kennedy v. Long Island Railroad Co.*, 319 F.2d 366 (2nd Cir. 1963). The recently decided *Connell* case, cited *supra*,

raised the question of a union's exemption from suit under the antitrust laws. The discussion of the issue by the court, 421 U.S. at 621–626, 95 S.Ct. at 1834–1837, 44 L.Ed.2d at 425–28, and the subsequent ruling on the merits completely supports the conclusion of this court that plaintiffs' allegations do not raise a claim under the antitrust laws.

In *Connell,* a union had entered into an agreement with a building contractor which provided, in essence, that the contractor enter into subcontracts only with firms that had a contract with the union. The Supreme Court held, 5–4, that the

> agreement, which is outside the context of a collective-bargaining relationship and not restricted to a particular jobsite, but which nonetheless obligates Connell to subcontract work only to firms that have a contract with Local 100, may be the basis of a federal antitrust suit because it has a potential for restraining competition in the business market in ways that would not follow naturally from elimination of competition over wages and working conditions.

*Connell, supra,* 421 U.S. at 635, 95 S.Ct. at 1841, 44 L.Ed.2d at 433. The court declined to exempt the union from application of the federal antitrust laws with respect to the challenged agreement which the contractor entered into under protest.

■ In the present case, the plaintiff unions claim that defendants have violated the antitrust laws by conspiring among themselves to deter plaintiff unions from organizing the subcontractors with whom the defendant contractors deal. The essence of plaintiffs' claim seems to be that defendants violated the antitrust laws insofar as they declined to enter into agreements with plaintiffs to deal only with subcontractors which were signatories to contracts with plaintiffs, precisely the type of agreement which subjected the union in *Connell* to antitrust liability. Defendant employers are accused of conspiring in certain ac-

tivities which would not have a "potential for restraining competition in the business market in ways that would not follow naturally from elimination of competition over wages and working conditions." *Connell, supra,* 421 U.S. 635, 95 S.Ct. at 1841, 44 L.Ed.2d at 433. Consequently, in light of the explicit holding and discussion in *Connell* and the considerable body of case law declining to recognize an antitrust cause of action alleged by a union against an employer in the normal type of labor dispute, plaintiffs' first cause of action under the antitrust laws must be dismissed.

Neither *International Association of Heat and Frost Insulators and Asbestos Workers et al. v. United Contractors Association, Inc. of Pittsburgh, Pennsylvania,* 483 F.2d 384 (3rd Cir. 1973), modified, 494 F.2d 1353 (3rd Cir. 1974), nor *Robertson v. National Basketball Association,* 389 F.Supp. 867 (S.D.N.Y. 1975), both cited by plaintiffs, compel a contrary result.

The Third Circuit decision in the *International Association of Heat and Frost Insulators* case, cited *supra,* was a suit by a group of AFL–CIO trade unions against an association of independent contractors and an association of employees in the construction industry in the Pittsburgh area denominated Associated Trades and Crafts Union. The Court of Appeals upheld the antitrust complaint of the plaintiff unions against a motion to dismiss. The complaint alleged a conspiracy between the defendant employer association and the defendant Associated Trades and Crafts Union to fix prices and restrain trade by engaging in various concerted activities, including execution of a sham collective bargaining agreement between them for the purposes of permitting the members of the employer association to conduct their business activities free from interference by the plaintiff AFL–CIO unions, to use the agreement as a bar to any organizational efforts undertaken by the plaintiff unions, to

prevent the employees of the defendant contractor association from becoming members of the plaintiff unions, and to eliminate competition of businesses operating under the terms of bonafide collective bargaining agreements. In upholding the complaint, the Court of Appeals specifically relied on the cases discussed above which permitted antitrust actions in the labor relations area when a conspiracy to restrain trade was alleged involving an agreement *between* a union and an employer. While the allegations of the complaint in that case attacked a conspiracy between the defendant employer association and the defendant labor organization, the present case charges as defendants only an employer association and its constituent members. Consequently, the reasoning and result in the *International Association of Heat and Frost Insulators* is wholly consistent with and supportive of the decision of this court to dismiss plaintiffs' first cause of action.

*Robertson v. National Basketball Association,* cited *supra,* is an antitrust suit by a class of present and former basketball players against the National Basketball Association and the American Basketball Association charging the defendant employer associations with conspiring to restrain competition for the services and skills of professional basketball players through such devices as the college draft, the reserve clause in the Uniform Player Contract, the compensation plan attached to the reserve clause, and various boycott and blacklisting techniques. The complaint additionally alleges that the NBA and the ABA seek to effectuate a noncompetition agreement, merger or consolidation. The United States District Court for the Southern District of New York upheld the plaintiffs' standing to sue and refused to dismiss the action against the defendant employer associations on the grounds advanced of an exemption of the labor dispute from application of the antitrust laws. The unique facts of the *Robertson* case, involving relatively powerless plaintiff employees arrayed against two allegedly independent employer associations accused of conspiring with each other to restrain competition by use of the devices listed above, make the result there reached distinguishable from the present case. In any event, to whatever extent the *Robertson* result supports plaintiffs' complaint in the present case, this court declines to follow *Robertson.* *Robertson* was decided before the Supreme Court opinion in *Connell,* discussed *supra.* It is difficult to see how the plaintiffs' first cause of action in this case can be sustained after *Connell,* which upheld an antitrust claim against a union for pressuring an employer to enter into precisely the type of agreement which the defendant employers here have refused to entertain. Accordingly, in light of the preceding discussion, plaintiffs' first cause of action under the antitrust laws must be, and hereby is, dismissed.

■ The second cause of action alleges breach of the collective bargaining agreement. While there might be merit to this claim, the plaintiffs have not submitted their dispute through the grievance machinery of the applicable collective bargaining agreements. Section 51 of the Carpenters Agreement sets forth the procedure for resolution of "any dispute concerning any application or interpretation of this agreement"; Section X of the Piledrivers Agreement provides, in pertinent part, " . . . in the event union representatives and the contractor shall be unable to adjust any grievance or dispute arising under this agreement, a Board of Adjustment shall be created for the settlement of such dispute." In light of the broad scope of the arbitration clause, this dispute should be presented first through the grievance machinery, thereby providing the arbitration process an opportunity to determine the merits of this dispute, or at least to determine whether it is subject to arbitration. *United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564 (1960); *United Steelworkers of*

*America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960).

Plaintiffs have conceded at page 8 of their memorandum of July 8, 1975, that defendant Associated General Contractors is entitled to be, and hereby is, granted summary judgment with respect to any contract claims based upon the Drywall Industry Contract.

▓▓▓ Plaintiffs express in their memorandum a willingness to submit this dispute to arbitration. They seek, however, to condition their acceptance of arbitration on the defendants' concession that an arbitrator has full jurisdiction to remedy the practices challenged in plaintiffs' complaint. This concession is not required of defendants. It is sufficient that the parties submit the dispute in good faith to the arbitrator. In light of the very broad arbitration provision in the relevant agreements, the determination of whether this dispute is subject to arbitration should be made, at least in the first instance, by the arbitrator.

The third, fourth and fifth causes of action allege state claims based, respectively, on the common law tort of interference with contractual relations, the common law tort of interference with business relationship, and alleged violations of the California Cartwright Act, California Business and Professions Code § 16700 et seq. There is no diversity of citizenship between the parties, but plaintiffs claim pendent jurisdiction, assuming the continued viability of the first two causes of action.

▓▓▓ These last three claims for relief must be dismissed. The doctrine of federal pre-emption requires that this dispute be governed by federal law. This court has been shown nothing to indicate that the dispute is anything other than a normal labor dispute. Controlling authority dictates that it be governed by the substantive standards and procedural provisions of the National Labor Relations Act and other federal laws. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); *Weber v. Anheuser-Busch, Inc.,* 348 U.S. 468, 75 S.Ct. 480, 99 L.Ed. 546 (1955); *Capital Service, Inc. v. National Labor Relations Board,* 347 U.S. 501, 74 S.Ct. 699, 98 L. Ed. 887 (1954). State law may not be used as an alternative remedy, either through common law business torts or state statutory law, unless violence or obstruction is involved. No allegations have been made that this case fits into the very limited area left to the jurisdiction of state law.

While the Supreme Court in *Connell, supra,* was bitterly split, 5–4, over whether the plaintiffs there could state a cause of action against the union under the federal antitrust laws, 421 U.S. at 636, 95 S.Ct. at 1842, 44 L.Ed.2d at 435–44, the dissenters explicitly noted their agreement with the conclusion of the majority that the application of state antitrust laws was pre-empted by federal labor and antitrust policies. *See Connell, supra,* 421 U.S. at 654, 95 S.Ct. at 1851, 44 L.Ed.2d at 444, n.13. In light of this recent reaffirmation of the exclusion of state law from areas of labor relations arguably subject to federal law, plaintiffs' third, fourth and fifth causes of action must be, and hereby are, dismissed.

The action is hereby stayed for 120 days, during which time the grievances plaintiffs complain of in the second claim for relief can be presented through the contractual grievance machinery and ultimately to arbitration if the intermediate steps do not result in satisfactory resolution of the dispute.

The parties are hereby ordered to appear for a conference on the status of this action at 10:00 a. m., on Friday, December 5, 1975.

## ORDER

Upon reconsideration on the court's own motion of the memorandum and or-

der filed August 4, 1975, in this action, the decision of the court is hereby modified by dismissing the action in its entirety. The previous memorandum dismissed the first, third, fourth and fifth causes of action and concluded by staying the second cause of action pending arbitration of the dispute regarding the collective bargaining agreement. The court is presently of the opinion that a stay would be inappropriate in this action. As a general matter, suits in district court concerning collective bargaining agreements are only filed after exhaustion of the contractual grievance and arbitration machinery. Since this has not yet been done in the present case, it is unnecessary for the present action to remain active. If and when the matter is submitted to arbitration, the arbitrator's determination may be satisfactory to all parties. If not, then will be the proper time for judicial intervention at the instance of the dissatisfied parties.

Accordingly, in light of the discussion above, it is hereby ordered that the second cause of action be, and it hereby is, dismissed, that the action in its entirety be, and it hereby is, dismissed, and that the previously scheduled hearing date of December 5, 1975 is vacated.

It is so ordered.