AMALGAMATED MEAT CUTTERS AND BUTCHERS WORKMEN OF NORTH AMERICA, LOCAL UNION NO. 576, Tony Richards, Donald Keith Chirillo, Lawrence Dale, Wanda L. Colmer, Jesse Earl Glydewell, Plaintiffs,

v.

WETTERAU FOODS, INCORPORATED and Thomas Briggs and Richard Dailey d/b/a Briggs & Dailey, I.G.A., Defendants.

No. N78–12–C.

United States District Court, E. D. Missouri, N. D.

Aug. 14, 1978.

Robert L. Kimbrough, Topeka, Kan., Jerome F. Waterman, Kansas City, Mo., Robert J. Albair, Clayton, Mo., for plaintiffs.

David F. Yates, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendants.

### MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the separate motions to dismiss by defendants

**194**

for failure to state a claim. For the reasons stated below, defendants' motions will be sustained.

Plaintiff is the labor representative of certain meat cutters who were employed in defendant Briggs and Dailey IGA (Briggs). Collective bargaining negotiations between plaintiff and defendant Briggs "broke down" in March and plaintiff therefore called a strike to exert pressure on Briggs.

In the interim, certain employees of defendant Wetterau, Briggs' supplier, replaced the strikers. Plaintiff contends that this action by the defendants amounted to a violation of the federal antitrust laws.

Plaintiff's theory of recovery is a novel one which is without support in the law. It is clear that this skirmish is merely a labor dispute between union and employer and, as such, does not give rise to an antitrust violation. *Cal. St. Coun. of Car. v. Associated Gen. Con. of Cal., Inc.*, 404 F.Supp. 1067, 1069 (N.D.Cal.1975).

There is no question that defendant Briggs has the right to hire replacements for its striking employees. *National Labor Relations Board v. Mackay Radio and Telegraph Company*, 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381 (1938); *Wilkinson Manufacturing Co. v. N. L. R. B.*, 456 F.2d 298 (8th Cir. 1972). The fact that Wetterau "loaned" Briggs workers does not affect the employer's right to replace strikers. *Mackay Radio, supra.*

Plaintiff elected to go on strike. The right of an employer to replace the workers is a right plaintiff was aware of and a risk it must face. Defendant Briggs' conduct in this case cannot amount to an "unreasonable" restraint of trade. *Standard Oil v. U. S.*, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619 (1911). Accordingly, the complaint will be dismissed. Rule 12(b)(6), F.R.C.P.