Hugh T. DREHER, Plaintiff,

v.

UNITED STATES of America, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Defendant.

Civil Action No. 3:96–1275.

United States District Court,
W.D. Louisiana,
Monroe Division.

Sept. 30, 1996.

Thomas Davenport, Jr., Carey B. Underwood, Davenport Files & Kelly, Monroe, LA, for Hugh T. Dreher.

John A. Broadwell, U.S. Attorney's Office, Shreveport, LA, for U.S. Bureau of A.T.F.

### MEMORANDUM RULING AND ORDER

· MELANÇON, District Judge.

Before the Court are motions filed by both the Plaintiff and Defendant. Defendant, the United States of America, Bureau of Alcohol, Tobacco and Firearms ("ATF"), moves to dismiss for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1) or, in the alternative, for summary judgment pursuant to F.R.C.P. 56(c). Plaintiff, Hugh T. Dreher ("Dreher"), filed an opposition to defendant's motion to dismiss and a cross-motion for summary judgment. For the reasons that follow, Plaintiff's motion for summary judgment is denied and Defendant's motion to dismiss is granted.

Dreher, a convicted felon, lost his right to possess firearms upon his conviction for two counts involving the violation of Title 18, United States Code Section 371 and Title 18, United States Code Sections 1341 and 1342. Thereafter he filed this action against the ATF, seeking a declaration by this Court that he has not been convicted of a crime punishable by imprisonment for a term exceeding one year for purposes of 18 U.S.C. § 921, *et seq.* or, alternatively, to restore his firearms privileges pursuant to 18 U.S.C. § 925(c).

### Factual Background

Dreher entered a plea of nolo contendere before this court on August 13, 1987 to two counts involving mail fraud: conspiracy to commit mail fraud in violation of 18 U.S.C.

§ 371 (Count 1), and mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 and 1342 (Count 18). The violations arose from Dreher's fraudulent actions as outside contractor on a construction project conducted by IPCO and its wholly owned subsidiary, Papco. Count 1 charged that Dreher, as an outside contractor, conspired with employees of Papco to bill IPCO and Papco for work and materials supposedly supplied by Dreher but which in fact had been furnished by IPCO and Papco. Count 18 charged the conspirators with causing payments from IPCO and Papco to be delivered to Dreher through the United States Postal Service.

Dreher was sentenced to 30 months imprisonment and was placed on supervised probation for five years upon completion of his prison term. He served his sentence and was discharged from probation on November 4, 1994. Pursuant to the Gun Control Act of 1968, 18 U.S.C. § 922(g)(1) (1995), Dreher lost his right "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce...."

In September of 1995, Dreher sought the restoration of his firearm privileges pursuant to § 925(c), which permits a convicted felon to apply to the Secretary of the Treasury for relief from the firearms disabilities imposed by federal law. Section 925(c) provides that the Secretary may grant such relief if it determines that the applicant would not be likely to act in a manner dangerous to the public. The Secretary has delegated the authority to grant this relief to the ATF. 27 C.F.R. § 178.44 (1996). Dreher's application to the ATF for relief under § 925(c) received no response.[1]

Dreher acknowledges, however, that prior to his filing a complaint in this matter the ATF informed him that it could not act on his request for relief under § 925(c) because Congress had ceased to provide funding for this purpose. *Memorandum in Opposition to Defendant's Motion to Dismiss and in*

Support of Plaintiff's Motion for Summary Judgment, p. 8. The Treasury, Postal Service and General Government Appropriations Act, which became effective in October of 1992, states that "[n]one of the funds appropriated herein shall be available to investigate and act upon applications for relief from Federal firearms disabilities under 18 U.S.C. section 925(c)." Treasury, Postal Service and General Government Appropriations Act, 1993, Pub.L. No. 102–393, 106 Stat. 1729 (1992). Since 1992, Congress has continued to deny funds for this purpose each fiscal year. *See* Treasury, Postal Service and General Government Appropriations Acts: Pub.L. No. 103–23, 107 Stat. 1226, 1228–29 (1993) ("Public Law 103–23"); Pub.L. No. 103–329, 108 Stat. 2382 (1994) ("Public Law 103–329"); Pub.L. No. 104–52, 109 Stat. 468, 471 (1995) ("Public Law 104–52").

Dreher brought an action before this Court seeking a declaratory judgment that he not be considered a convicted felon within the meaning of the Gun Control Act or, alternatively, for the restoration of his firearm privileges pursuant to § 925(c). The ATF moves for summary judgment, contending that Dreher is a convicted felon for purposes of the Gun Control Act. *Mem. in Supp. of Def.'s Mot. to Dismiss or, in the Alt., for Summ. J.*, pp. 7–12. Dreher contests this assertion in his cross-motion for summary judgment. *Mem. in Opp'n to Def.'s Mot. to Dismiss and in Supp. of Pl.'s Mot. for Summ. J.*, pp. 2–7.

The ATF also moves to dismiss Dreher's claim for restoration of his gun privileges, stating that this court lacks subject matter jurisdiction to hear the claim. *Mem. in Supp. of Def.'s Mot. to Dismiss or, in the Alt., for Summ. J.*, pp. 12–23. Dreher opposes this motion, arguing that this Court has jurisdiction. *Mem. in Opp'n to Def.'s Mot. to Dismiss and in Supp. of Pl.'s Mot. for Summ. J.*, pp. 7–12.

### Analysis
#### The Gun Control Act

■ Plaintiff and Defendant's motions for summary judgment address whether, as a

---

1. Defendant admits that "[u]nfortunately, no relief application file was ever opened by the ATF." *Memorandum in Support of Defendant's Motion*

*to Dismiss or, in the Alternative, for Summary Judgment*, pp. 13.

matter of law, Dreher is a convicted felon for purposes of the Gun Control Act. A motion for summary judgment must be granted if the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

The Gun Control Act applies to anyone who has been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Congress has carved out an exception, however, for "offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business." 18 U.S.C. § 921(a)(20)(A). Dreher asserts that because his illegal acts contained some of the same harmful elements as actions proscribed by antitrust, unfair competition, and restraint of trade laws, such as fraud, deceit and misrepresentation, his conviction for mail fraud should qualify under the exception. *See Mem. in Opp'n to Def.'s Mot. to Dismiss and in Supp. of Pl.'s Mot. for Summ. J.*, p. 4–7.

 Section 921(a)(20)(A) excludes only those felons who have violated laws which seek to foster a competitive marketplace. "Antitrust violations" refers to violations of laws that promote the unrestrained interaction of competitive forces within the marketplace. *Northern Pacific Railway Co. v. United States*, 356 U.S. 1, 4, 78 S.Ct. 514, 517–18, 2 L.Ed.2d 545 (1958); *see Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 488, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977); *Brown Shoe Co. v. United States*, 370 U.S. 294, 320, 82 S.Ct. 1502, 1521, 8 L.Ed.2d 510 (1962). "Unfair trade practices," sometimes referred to as "unfair competition," occurs when one entity passes off its products as those of another, thereby harming consumers and other businesses. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 382 (5th Cir.1977);

*Volkswagenwerk Aktiengesellschaft v. Rickard, et al.,* 492 F.2d 474, 478 (5th Cir.1974); *see* 15 U.S.C. § 45. "Restraint of trade" is a common law term referring to contracts that suppress competition, fix prices, partition markets, and restrict production. *Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of America, AFL–CIO*, 431 F.2d 1004, 1007 (5th Cir.1970); *Apex Hosiery Co. v. Leader*, 310 U.S. 469, 497, 60 S.Ct. 982, 994, 84 L.Ed. 1311 (1940). The phrase "other similar offenses relating to the regulation of business" must logically be interpreted as violations of laws which likewise seek to enhance competition and prevent injuries to consumers and businesses.

The criminal statutes under which Dreher was convicted, 18 U.S.C. §§ 371, 1341 and 1342, do not seek to preserve competition in the marketplace. They criminalize the use of the United States Postal Service for the purpose of fraudulently obtaining money or property.[2] In Dreher's case, he defrauded IPCO and Papco of money by falsely stating he had done work and furnished supplies. Far from having the broad-based harmful effects on competition and consumers sought to be prevented by antitrust, unfair competition and restraint of trade laws, Dreher's acts simply involved taking money from IPCO and Papco.

Therefore, this Court finds that the Gun Control Act applies to Dreher as a convicted felon, and that the Plaintiff's motion for summary judgment is denied.

*Subject matter jurisdiction*

 In its motion to dismiss the ATF argues that this court lacks subject matter jurisdiction to review Dreher's request for restoration of his firearms privileges.

Section 925(c) of the Gun Control Act provides that anyone who is denied relief from federal firearms disabilities under § 922(g) may seek judicial review in federal district court. 18 U.S.C. § 925(c). In 1994, howev-

---

**2.** A conviction for conspiracy under § 371 requires an agreement between two or more persons to commit a crime against the United States and an overt act in furtherance of that agreement committed by one of the conspirators. *United States v. Mackay,* 33 F.3d 489, 493 (5th Cir. 1994). A conviction for mail fraud under § 1341

requires a scheme to defraud involving the use of the mails for the purpose of executing that scheme. *United States v. Pazos,* 24 F.3d 660, 665 (5th Cir.1994). Section 1342 involves the use of a fictitious name while committing a violation under § 1341. 18 U.S.C. § 1342.

er, Public Law 103–329 continued to suspend the ability of the ATF to deny, accept, or investigate firearms relief applications. Therefore, the jurisdiction of district courts can no longer be invoked under § 925(c) because the ATF no longer denies relief from firearms disabilities. Rather, the ATF is simply not authorized to act in any way regarding applications for the restoration of gun privileges. *U.S. v. McGill,* 74 F.3d 64, 66 (5th Cir.1996). According to the language of § 925(c), only ATF denials of firearms disabilities applications may be reviewed by district courts. .

Section 925(c) does not grant federal district courts original jurisdiction over requests for firearms relief. As the Fifth Circuit declared in *U.S. v. McGill,* 74 F.3d at 65–66, "we doubt that the district court has original jurisdiction to consider an application to remove the federal firearm disability." [3] With facts much like this case, the Court in *McGill* affirmed the district court's dismissal for lack of subject matter jurisdiction. Dreher contends that a district court's jurisdiction over this matter is supported by the fact that under § 925(c) a district court's review of an ATF denial is not limited to the administrative record, but may consider additional evidence where failure to do so would result in "a miscarriage of justice." *See Mem. in Opp'n to Def.'s Mot. to Dismiss and in Supp. of Pl.'s Mot. for Summ. J.,* p. 9. The Fifth Circuit, however, has stated that despite a district court's ability to consider additional evidence in extraordinary circumstances, Congress intended for district courts to review only denials of firearms relief applications. *McGill,* 74 F.3d at 66.

Moreover, in passing Public Law 103–329, Congress could not have contemplated that district courts would assume jurisdiction over deciding applications to the ATF for firearms. A major reason behind Congress' appropriations cutback was that ATF procedures for considering applications involved extensive hours, investigative expertise, and costs. *McGill,* 74 F.3d at 67, *citing* S.Rep. No. 353, 102nd Cong., 2d Sess. 77 (1992). It is highly unlikely that Congress intended for district courts to take on these extensive and costly investigations.

Dreher nevertheless points to a Third Circuit case which states that Congress has expressed no clear intent to deprive the district courts of jurisdiction over firearms disabilities applications to the ATF. *Mem. in Opp'n to Def.'s Mot. to Dismiss and in Supp. of Pl.'s Mot. for Summ. J.,* p. 10, *citing Rice v. United States Dept. of Alcohol, Tobacco and Firearms,* 68 F.3d 702, 707 (3d Cir. 1995). The Fifth Circuit, however, provides the applicable law for this court. In *McGill,* the Fifth Circuit stated that it "cannot conceive that Congress intended to transfer the burden and responsibility of investigating the applicant's fitness to possess firearms from the ATF to the federal courts, which do not have the manpower or expertise to investigate or evaluate these applications." *McGill,* 74 F.3d at 67.[4]

In suspending ATF funds for the review of firearms applications, Congress has indicated it will no longer spend taxpayers' money to restore firearms to convicted felons. Instead, Congress believes that its resources "would be better utilized to crack down on violent crime." *McGill,* 74 F.3d at 67, *citing* S.Rep. No. 353, 102d Cong., 2d Sess. 77 (1992).

For the above reasons, the Defendant's motion to dismiss is granted.

### Conclusion

This Court finds that Dreher's conviction for mail fraud does not qualify for the exception for crimes relating to the regulation of business under § 921(a)(20)(A). While the exception clearly targets convictions under laws which aim at protecting competition and

---

**3.** The Court in *McGill,* however, did not rule on whether a district court maintained original jurisdiction over such claims. Instead, it ruled on the merits of the case and determined that Congress' spending limits were meant to suspend the firearms relief provided by § 925(c). *McGill,* 74 F.3d at 66.

**4.** Prior to the *McGill* decision, a district court within the Fifth Circuit had similarly concluded that Congress did not intend to reassign the authority to grant federal firearms relief to district courts. *Mansen v. Bureau of Alcohol, Tobacco and Firearms,* No. 4:93cv274, slip op. at 3–4 (E.D.Tex. January 20, 1995).

consumers, the statutes for mail fraud under which Dreher was convicted merely seek to prevent fraud through the mails, regardless of effects on competition or consumers.

Moreover, this Court does not have jurisdiction to review Dreher's application for relief from federal firearms disabilities under 18 U.S.C. § 925(c) because Congress has effectively suspended the ability of the ATF to process applications by convicted felons for the restoration of their firearms. According to the language of the statute, district courts are authorized to review only ATF denials of firearms disabilities applications.

## ORDER

IT IS ORDERED that plaintiff's Motion for Summary Judgment be and is hereby DENIED, and that the Motion to Dismiss filed by defendant United States of America, Bureau of Alcohol, Tobacco and Firearms is GRANTED and that plaintiff's claims be DISMISSED WITH PREJUDICE.